No. 2354.—DAVID S. BRYON *v.* H. KENDALL CARTER.

A purchaser at sheriff sale of bank stock can compel a transfer of the shares of stock on the books of the bank, although the seized debtor may owe the bank at the time an amount above the amount of the stock purchased, evidenced by his notes held by the bank.

A clause in the by-laws of a bank, adopted by the board of directors, subsequently to the issuing of the stock, that "no transfer of stock shall be made when the party is indebted to the bank as principal, indorser or security on any obligation that is due, as long as it remains unpaid," is not binding on the judgment creditors of the stockholders.

APPEAL from Seventh District Court, parish of Orleans. *Fellowes,* J. *D. S. Bryon,* for plaintiff and appellant. *A. & M. Voorhies,* for defendant and appellee.

WYLY, J. The plaintiff, under his own judgment against the defendant, purchased one hundred and thirteen shares of the capital stock of the Crescent City Bank, belonging to the latter; and the sheriff took a rule on the bank to show cause why he should not be permitted to transfer on its books the stock to the purchaser. In answer to the rule, the Crescent City Bank pleaded the general issue, and averred that the defendant, H. Kendall Carter, owed it $31,972, evidenced by his notes, and averred "that said stock can not be transferred as long as said notes remain unpaid, the bank being entitled to plead compensation, which she now sets up." The rule was made absolute, and the Crescent City Bank appealed.

The validity of the sale is not contested.

The question to be determined is, can the purchaser at sheriff's sale of the shares of the bank stock of his debtor compel the bank to permit the transfer of the stock to be made on its books, when the stockholder himself owes it a sum of money, evidenced by his notes?

The plea of compensation raised in the pleadings is manifestly unavailing. It is merely a mode of extinguishing a debt. The debt of H. Kendall Carter can not be compensated by the shares of the bank

stock held by him and seized by the sheriff, and sold to the plaintiff; because the certificates of stock are not debts due by the bank, they are merely the evidences of ownership of the shares, or of the titles of property.

It is, however, urged that the act of 1855, establishing a general system of free banking in the State, authorizes such institutions to make and ordain such by-laws as may be necessary for the proper management of the corporation, in conformity with the provisions of law; "that the shares of the banking companies shall be personal property, and shall be transferable on the books of the same in such manner as the by-laws may direct."

That in pursuance of the provisions of said act, the Crescent City Bank adopted its by-laws, one provision of which declaring that, "No transfer of stock shall be made when the party is indebted to the bank as principal, indorser or security on any obligation that is due, as long as it remains unpaid."

The bank contends that the purchaser of the shares at sheriff's sale occupies no better position than H. Kendall Carter, the judgment debtor; that the adjudication only invested the purchaser with the same legal rights which Carter previously held in and to the stock.

It contends that under the eighteenth section of the by-laws, Carter could not require the transfer on its books of the stock as long as he remained indebted to the bank. If the by-laws had been made by the stockholders, instead of the directors, and H. Kendall Carter had been a party to the agreement between them in making the by-law prohibiting the sale as long as he might be indebted to the bank, he might, perhaps, be estopped by his covenant from making the transfer or demanding the transfer on the books of the bank. We do not think, however, that his agreement, if established, to the prohibitory clause of the by-laws made subsequent to the issuing of the stock, could affect the rights of his judgment creditor herein, to seize and sell his property, the bank stock, and to demand the completion of the titles thereof. Parties who own property can not bind themselves not to alienate their property as long as they owe a certain debt, so as to preclude their judgment creditors from divesting them of the ownership by forced sale. If the principle contended for by the bank be true, owners of property, or the bank, their creditor, can make an agreement to defeat their other creditors—not only to defeat them from recovering what is due, but debar them from the right of making a forced or judicial sale of their property.

The corporation is merely a juridical person; it can make no regulation or by-law to deprive a judgment creditor from selling the property of his judgment debtor, and from acquiring a formal transfer of the property to himself, if he becomes the purchaser.

The bank does not set up any lien or privilege on the shares of the stock held by the defendant; it claims no preference on the proceeds

resulting from the adjudication; but contends that under its by-laws, the shares of stock held by their debtor, Carter, are no longer the objects of a sale or alienation. That because he happens to be indebted to them, for which they claim not even a privilege, his property can not be sold by his judgment creditor, the plaintiff. In effect, the bank assumes that it can ordain by-laws to remove property from commerce. The argument is a glaring absurdity. The act of 1855, authorizing free banks, declares that the shares shall be personal property, and be transferable on the books of the corporation "in such manner as the by-laws may direct." Act 1855, section 8, authority to direct the *manner of the transfer* of bank stock on its books, certainly does not authorize the bank *to prohibit the transfer*. We know of no mode by which a creditor can secure his debt in the manner contended for by the bank. We know of no law authorizing a creditor to place the property of his debtor out of commerce on account of the debt.

The case presented in the succession of Walsh, 9 An. 543, relied on by the bank, is not in point. The relation of the parties is different. In that case, the Crescent City Insurance Company owed Walsh a debt, evidenced by their scrip containing on its face the clause, "This certificate is transferable only on the books of the company with its consent, by the said Walsh or his attorney." The obligation of the company was for the payment to Walsh, of a certain sum of money, on a certain contingency contemplated in the company's charter, with interest, subject also to the contingency therein contemplated; and the promise was made with the express reservation that it was not to be assigned, or that no new creditor was to be substituted without the company's consent. In that case, the certificate was not even nego-tiable paper, a clause to the contrary being expressed on its face; but it merely evidenced a debt due to Walsh by the company, against which they desired to plead any offset they might afterwards have. And the court decided there was nothing unlawful in such a stipula-tion, made under a provision of the charter, and that a court of justice should give it effect according to its just import, and in fulfillment of the intention of the parties to the contract.

We said there was a difference in the relation of the parties.

In that case, Walsh was a creditor of the insurance company, and in course of their business might become also a debtor, and his position toward them was such that compensation might arise at any moment. In the case before us, however, the certificates of bank stock do not evidence debts to be extinguished by compensation, or any other legal mode of discharging obligations.

H. Kendall Carter, the holder of the certificates of stock, did not occupy towards the bank the relation of a creditor to his debtor. The bank owed him nothing. He was not its creditor, against whom a debt might arise, and the plea of compensation be applicable. He

merely owned certain property, the certificates of stock, and owed a juridical person, the bank, an ordinary debt.   That he owed the bank a debt did not prevent the plaintiff, his judgment creditor, from selling and becoming the purchaser of property which was in commerce.

It is therefore ordered that the judgment appealed from be affirmed, with costs.